UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shek Mooi Chong a.k.a Cindy, individually and on behalf of all other employees similarly situated,<br>　　　　　　Plaintiff,<br><br>-against-<br><br>GOLDEN 88 SPOON INC. D/B/A SPOON ASIAN FUSION, TJ PRIME INC. D/B/A SPOON ASIAN FUSION, YIN ZHENG, XUEQIN ZHENG, TERRY ZHENG, BI CHEN, XINGJU ZHENG<br>　　　　　　Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 3-28-19<br><br><br>16-CV-5591 (ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Plaintiff Shek Mooi Chong's ("Plaintiff") Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Defendants Golden 88 Spoon Inc., Tj Prime Inc., Yin Zheng, Xueqin Zheng, Terry Zheng, Bi Chen, Xinju Zheng, John Doe and Jane Doe # 1-10 ("Does") (collectively "Defendants") for allegedly violating the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). For the following reasons, Plaintiff's motion is GRANTED.

### BACKGROUND

I.　**Factual Background**[1]

Shek Mooi Chong worked as a waitress for Golden 88 Spoon Inc. d/b/a Spoon Asian Fusion and TJ Prime Inc. (collectively "Spoon") from March 2013 to July 10, 2016. Pl. 56.1 ¶ 1.

---

[1] The stated facts rely heavily on undisputed facts from Plaintiff's Complaint, Defendants' Answer, Plaintiff's Rule 56.1 Statement of Material Facts ("Pl. 56.1") and the exhibits, depositions, and testimony submitted with Plaintiff's instant motion. ECF Nos. 1, 14, 51-55.

1

Defendants Yin Zheng, Xingju Zheng, Terry Zheng, and Xueqin Zheng were Spoon's owners, officers, directors and/or managing agents and participated in the company's day-to-day operations. ECF No. 14.[2] These defendants made business decisions including but not limited to employee salaries and the number of hours employees worked. ECF No. 53-2. Spoon had gross sales more than $500,000 per year and purchased and handled goods moved in interstate commerce. ECF No. 14.

Plaintiff commuted to and from work in the restaurant's van. Chong Decl. ¶ 7; Zheng Dep. 24:17-21; 27:22-24, 28:2. Plaintiff's work schedule mirrored the store's operational hours. Ex. A; Zheng Depo 39:6-23. Defendants' operational hours were as follows: Monday through Thursday, 11:30 am to 3:00 pm for lunch, and 4:30 pm to 10:00 pm for dinner; Friday and Saturday, 11:30 am to 3:00 pm for lunch, and 4:30 pm to 11:00 pm for dinner; and Sundays, only dinner from 4:30 to 10:00 pm. Ex. A; Zheng Dep. 24:16-22. Defendants paid Plaintiff $25 per day when she started working in 2013 and $30 per day from 2015 until the end of her employment. Chong Decl. ¶ 8; Zheng Dep. 51:2-19.

According to the record, Defendants failed to pay Plaintiff the statutorily required minimum wage or an overtime premium. Chong Decl. ¶ 8; Zheng Dep. 51:2-19; Zheng Dep. 30:16-17. Defendants also never gave Plaintiff a tip credit notice, a wage notice upon hire or when she received a raise, nor did they give her pay stubs. Chong Decl. ¶ 10; Chen Dep. 20:9-25, 21:2-9; Chong Decl. ¶ 11; Zheng Dep. 75:18-25, 76:2, 12-14; Chong Decl. ¶ 12.

## II. Procedural History

---

[2] Corporate Defendant TJ Prime Inc., a company created in 2015, also owned Spoon during Plaintiff's employment. Xin Zheng Dep. 9:16-19.

On July 13, 2016, Plaintiff filed this action alleging Defendants violated the FLSA and NYLL. ECF No. 1. Specifically, Plaintiff alleged Defendants paid her a flat daily rate instead of minimum wages, overtime wages, and spread of hours although she worked approximately 49.5 to 52 hours each week from March 1, 2013 until July 10, 2016. Plaintiff further alleged Defendants failed to provide wage notice and paystubs as required by the NYLL. On October 9, 2016, Defendants filed an Answer admitting to many of the allegations. ECF No. 14.

On September 27, 2017, the parties engaged in a successful mediation session and reached a settlement. ECF No. 36. The Court then directed the parties to file a proposed settlement and joint law memorandum explaining why the proposed settlement was fair and reasonable.[3] ECF No. 37. However, on February 8, 2018, the parties indicated their inability to settle. ECF No. 45.

On May 11, 2018, Plaintiff moved for Partial Summary Judgment on certain issues related to her compensation. ECF No. 51. Plaintiff argues she is entitled to partial summary judgment based on undisputed facts and governing law. Defendants argue there is a dispute over the length of Plaintiff's employment, but Plaintiff is not seeking summary judgment on that issue. The parties agree there is a dispute of fact over a nine-month period that must be resolved through trial. However, Plaintiff argues the Court can easily ascertain the hours she worked during the undisputed period by examining Defendants' time records.[4] ECF No. 53.

Defendants also dispute the number of days and hours Plaintiff worked each week as well as Plaintiff's claim that Defendants failed to provide various notices required by federal and

---

[3] As required by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).
[4] There is no dispute that Plaintiff worked for Defendants from at least November 2013 until June 2016. ECF No. 53. However, Plaintiff recognized the parties disagree on her total period of employment and did not raise the issue in this motion.

state labor law. ECF No. 55. In support of her motion, Plaintiff submitted a Statement of Material Facts pursuant to the Court's Local Civil Rule 56.1. ECF No. 52. Defendants have not submitted any competing statement of facts in response to Plaintiff's Local Rule 56.1 Statement.

**LEGAL STANDARD**

**I.      Summary Judgement**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to establish the lack of any factual issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An otherwise properly supported motion for summary judgment will not be defeated due to an alleged factual dispute between the parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, there must be no "genuine issue of material fact." *Id.* at 248. When considering a motion for summary judgment, the court must draw all inferences from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the moving party has carried its burden, the opposing-party must do more than show "there is some metaphysical doubt as to the material facts." *Id.* at 586. Moreover, the opposing-party "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a district court "must also be 'mindful of the underlying standards and burdens of proof' ... because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Maco v. Baldwin Union Free Sch. Dist.*, 2017 WL 1373425, at * 3

(E.D.N.Y. April 13, 2017) (citing *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." *Id.*

## II. Local Rule 56.1

Local Rule 56.1 requires motions for summary judgment be accompanied by a list of "material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). Should the nonmoving party wish to contest the claims in a Rule 56.1 Statement, the nonmoving party must respond to each of the statement's paragraphs and include, if necessary, a statement of additional material facts that demonstrate a genuine issue for trial. Local Civil Rule 56.1(b). A nonmoving party's failure to respond to a Rule 56.1 Statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible. *Gubitosi v. Kapica*, 154 F.3d 30, 31 n. 1 (2d Cir.1998). Courts have granted summary judgment for failures to respond after assuring themselves that Rule 56's other requirements have been met. *See e.g., Millus v. D'Angelo,* 224 F.3d 137, 138 (2d Cir.2000) (The Second Circuit affirmed the district court's decision to grant summary judgment in favor of defendants following plaintiff's failure to deny, in accordance with Local Rule 56.1, defendants' allegations).

## III. Defendants Did Not Properly Contest Any of Plaintiff's Material Facts

While Plaintiff provided a properly supported statement of material facts as required by Local Rule 56.1(a), Defendants did not submit a Statement of Disputed Material Facts pursuant to Local Rule 56.1(b) with their Opposition to Plaintiff's Partial Summary Judgment Motion. ECF No. 54.

5

A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules and may opt to "conduct an assiduous review of the record" where one of the parties fails to file a Rule 56.1 Statement. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). Given Defendants' failure to comply with Local Rule 56.1, the Court may deem admitted all of Plaintiff's asserted facts that Defendants failed to properly controvert. See, e.g., *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (collecting cases). The Court will instead "take a practical approach when evaluating the instant motion ... and base its assessment of the underlying summary judgment motion primarily on the supporting evidence submitted by the parties." *Jones v. Bay Shore Union Free Sch. Dist.*, 170 F. Supp. 3d 420 n.2, No. 12 Civ. 4051 (JS), 2016 WL 1056567, at *1 (E.D.N.Y. Mar. 16, 2016) (citing *DeRienzo v. Metro. Transp. Auth., Metro N Commuter R.R.*, 237 F. App'x 642, 646 (2d Cir. 2007)).

## DISCUSSION

Plaintiff argues she is entitled to partial summary judgment on the following issues: (1) how many hours Plaintiff worked per week; (2) whether Defendants can claim tip credit; (3) whether Defendants paid Plaintiff the appropriate minimum wages; (4) whether Defendants paid Plaintiff overtime premium for all hours worked over 40 hours per week; and (5) whether Defendants provided wage notice and paystubs as required by the NYLL. ECF No. 51.

### I. Number of Hours Plaintiff Worked

#### A. FLSA and NYLL Requirements

The FLSA minimum wage and overtime provisions apply to employees who are "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce ... or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120

(E.D.N.Y. 2011) (alteration in original) (citation omitted); *see also* 29 U.S.C.S. §§ 206(a), 207(a) (LEXIS through Pub. L. No. 115-442).

Under the FLSA, an employee bears the burden of proving they were not properly compensated for their work. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) (superseded on other grounds). The employee can meet this burden by producing their employer's records. *See id.* at 687. However, when "the employer's records are inaccurate or inadequate" and "the employee cannot offer convincing substitutes," the employee can meet their burden of proof by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed...." *Id; see also Liu v. Jen Chu Fashion Corp.*, No. 00-CV-422 (RJH) (AJP), 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004) ("[I]n the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct."); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017) ("Where an employer's payroll records are inaccurate or incomplete, courts apply a burden-shifting scheme to determine whether an employee has established that he was underpaid, and what damages he suffered.")

The NYLL framework is similar, except § 196-a provides that "where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Gamero*, 272 F. Supp. 3d at 498 (quoting NYLL § 196-a(a)). The NYLL gives Defendants a "more demanding" burden. *Id.*

### B. Analysis of Number of Hours Plaintiff Worked

Plaintiff uses Defendants' time records and testimony to calculate her hours worked each week. Defendant Yin Zheng confirmed that the hours of operation listed on the restaurant's website are accurate. Ex. B, Zheng Dep., 24:16-22. Zheng further testified that Plaintiff's work hours were the same as the restaurant's operational hours and she commuted using the restaurant's van. Zheng Dep., 39:6-23.

Plaintiff also submitted evidence proving the number of days she worked per week. ECF No. 57. Defendants kept an attendance record showing which days Plaintiff worked each week. Ex. C, D. Since Plaintiff's work hours are equivalent to operational hours, the attendance record is sufficient to calculate the hours Plaintiff worked each week.[5] For example, if Defendants' record shows that Plaintiff worked on a Monday, the Court can infer she worked nine hours that day. Defendant confirmed this when Plaintiff's counsel went over how many hours Plaintiff worked during the week of December 16th through the 22nd in 2013 and agreed that Plaintiff worked 52.5 hours that week. Zheng Dep. 44:4-25, 45:2-25, 46:2-25, 47:2-16.

Defendants' records show that Plaintiff generally worked 20 hours on Fridays and Saturdays, 18 or 27 hours on Mondays through Thursdays[6], and 5.5 hours on Sundays. Most of Defendants' records show Plaintiff working five days (47 hours) or five and a half days (52.5 hours). This is consistent with Plaintiff's complaint alleging she worked between 49.5 hours to 52 hours per week. Plaintiff also confirmed there were only thirteen weeks she did not work overtime while employed by Defendants.[7]

---

[5] Defendants' operational hours are as follows: Monday through Thursday, 11:30 am to 3:00 pm for lunch, and 4:30 pm to 10:00 pm for dinner (9 hours total); Friday and Saturday, 11:30 am to 3:00 pm for lunch, and 4:30 pm to 11:00 pm for dinner (10 hours total); and Sundays, only dinner from 4:30 to 10:00 pm (5.5 hours). Ex. A. Accordingly, Plaintiff's regular work hours would be 9 hours Monday through Thursday, 10 hours total Friday and Saturday and 5.5 Hours on Sunday.

[6] Dependent on if Plaintiff worked two or three days Monday through Thursday.

[7] In doing so, Plaintiff acknowledged the weeks Plaintiff did not work overtime but argues those weeks can be reasonably ascertained through Defendants' records. In fact, Plaintiff pointed out exactly thirteen weeks where she

Not only does the Court have the discretion to accept these calculations as true due to Defendants' failure to contest Plaintiff's Rule 56.1 statement of facts, Defendants' records also prove these facts are undisputed. Accordingly, the Court finds that Plaintiff worked an average of 49.75 hours each week while working for Defendants.

## II. Tip Credit Claim

### A. FLSA and NYLL Tipped Worker Provisions

Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. *See* 29 U.S.C. §§ 203(m), 206(a)(1); 12 N.Y.C.R.R. § 146–1.3(b) (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137–1.5 (repealed effective Jan. 1, 2011); *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 239–40 (2d Cir. 2011). This allowance against the minimum cash wage is known as a "tip credit." Under both the FLSA and the NYLL, the employer must show they complied with the tip credit requirements. *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 672-73 (S.D.N.Y. 2017). The FLSA and NYLL have slightly different requirements.

Under the FLSA, a "tipped employee" is "'any employee engaged in an occupation in which [they] customarily and regularly receive[] more than $30 a month in tips[,]'" and a "'court[ ] must determine whether the employee's job is historically a tipped occupation and whether [they have] more than 'de minimis' interaction with customers as a part of [their] employment.'" *Gamero*, 272 F. Supp. 3d at 500 (quoting 29 U.S.C. § 203(t) and *Salinas v. Starjem Restaurant Corp.*, 123 F. Supp. 3d 442, 467. (S.D.N.Y. 2015)).

---

only worked three or four days, and therefore less than 40 hours, after looking through Defendants' records. The number of days Plaintiff worked therefore is not in dispute.

The FLSA also precludes employers from applying a tip credit against an employee's wages unless the employer notified the employee of the statute's tip credit provisions and the employee retains all their tips. *Gamero*, 272 F. Supp.3d at 500. The FLSA does not require the notification be in writing, but employer's must notify employees of their intention to treat tips as satisfying part of the employer's minimum wage obligations. *Id.* at 501; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (same). Courts strictly construe this notice provision and normally require employers to take affirmative steps to inform employees of the employer's intent to claim the tip credit. *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014); see, e.g., *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998); *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 934 (S.D.N.Y. 2013); *Lanzetta v. Florio's Enters.*, Inc., 763 F.Supp.2d 615, 623 (S.D.N.Y. 2011).

The employer "bear[s] the burden of showing that [it] satisfied the FLSA's notice requirement by, for example, providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law." *He v. Home on 8th Corp.*, No. 09 Civ. 5630, 2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014) (internal quotation marks omitted); *see e.g., Copantitla*, 788 F. Supp. 2d at 288. "If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken, and the employer is liable for the full minimum-wage...." *Reich*, 28 F.3d at 403.

Under the NYLL, a "tipped employee" is defined as "a service employee or food service worker [who] receives enough tips and ... has been notified of the tip credit as required in section 146-2.2 of [Title 12 of the NYCRR]." 12 N.Y.C.R.R. § 146-1.3. The statute also requires an

employee to receive a wage at least equivalent to the hourly wages set by the statute. *Id.* The NYLL also has a notice requirement, but the NYLL requires the notification be written in the employee's primary language. 12 N.Y.C.R.R. § 146-2.2(a)(2); *Gamero*, 272 F. Supp. 3d at 501. In addition to notice, New York also requires employers to "establish, maintain and preserve for at least six years weekly payroll records" that show the "tip credits, if any, claimed as part of the minimum wage." 12 N.Y.C.R.R. § 146–2.1(a)(9) (effective Jan. 1, 2011); *see* 12 N.Y.C.R.R. § 137–2.1(a)(7) (repealed effective Jan. 1, 2011).

### B. Defendants Failed to Meet the FLSA and NYLL Requirements to Claim a Tip Credit

Here, it is undisputed that Plaintiff served as a waitress at Spoon. However, Defendants are ineligible to claim tip credit under the FLSA. Employers have the burden of demonstrating compliance with the FLSA's tip notice requirement. *Hernandez v. JRPAC Inc.*, 2016 U.S. Dist. LEXIS 75430 at *75 (S.D.N.Y. June 9, 2016). Not only did Defendants fail to contest Plaintiff's 56.1 Statement, they also presented testimony supporting Plaintiff's claims. Moreover, Plaintiff stated she never received a written tip credit notice and Defendants never spoke to her about taking a tip credit. ECF No. 57. Defendants therefore had the burden to present evidence showing a genuine issue for trial, and they failed to do so.

Furthermore, Defendants did not pay Plaintiff the statutorily required hourly wage to claim tip credit under the NYLL. The NYLL required hourly rate to claim tip credit was $5.00 from January 1, 2011 until December 30, 2015, and $7.50 from December 31, 2015 until December 30, 2016. 12 NYCRR §146-1.3 (2016). However, Defendants testified that they paid Plaintiff $25 per day from 2013 to 2014, and $30 per day from 2015 to 2016 despite the fact she worked over forty hours per week. Zheng Dep. 51:2-19. These admissions are consistent with Plaintiff's

11

uncontested Rule 56.1 Statement. ECF No. 57. Accordingly, the hourly rate Defendants paid Plaintiff was at most $ 3.75 ($25 x 6 days ÷ 40 hours) from 2013 to 2014, and $ 4.50 ($30 x 6 days ÷ 40 hours) from 2015 until the end of Plaintiff's employment. Therefore, Defendants failed to prove they paid Plaintiff the statutorily required hourly wage to claim tip credit.

Defendants argue that Plaintiff is not entitled to summary judgment on the tip credit issue because Plaintiff's counsel did not properly explain to Defendants what a tip credit is. ECF No. 56. However, Defendants hold the burden of proving they met NYLL and FLSA notice requirements. Therefore, Defendants lack evidence of compliance with either the NYLL or the FLSA to satisfy the initial burden for summary judgment. *See Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23). Because Defendants failed to comply with either the FLSA or NYLL, the Court finds that Defendants cannot claim a tip credit.

### III. <u>Minimum Wage</u>

Both the FLSA and NYLL require employers to pay their employees an hourly wage equal to or greater than the statutorily required amount. 29 U.S.C. § 206(a); N.Y. Lab Law § 652. The Court must determine whether Plaintiffs' "regular rate" of pay was less than the applicable minimum wage. Under the FLSA, the "regular rate" of pay is determined by "dividing an employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked." *Romero v. Anjdev Enters., Inc.*, No. 14 Civ. 457, 2017 WL 548216, at *10 (S.D.N.Y. Feb. 10, 2017) (alteration omitted) (citing 29 C.F.R. § 778.109).

Similarly, under the NYLL, an employee's "regular rate" in the restaurant industry is calculated "by dividing the employee's total weekly earnings, not including exclusions from the

12

regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5(b). "Under both the FLSA and NYLL, once the court determines the 'actual number of hours worked' per week and calculates the 'regular rate' based on those hours, the 'regular rate' is then compared to the statutorily-imposed minimum wage to determine whether the employee has been underpaid." *Java v. El Aguila Bar Rest. Corp.*, 2018 WL 1953186, at *10 (S.D.N.Y. Apr. 25, 2018). Since 2009, the minimum wage under the FLSA has been $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). During the relevant period, the minimum wage under the NYLL has been as follows:

- $7.25 from July 24, 2009 to December 30, 2013;

- $8.00 from December 31, 2013 through December 30, 2014;

- $8.75 from December 31, 2014 through December 30, 2015;

- $9.00 from December 31, 2015 through December 30, 2016.

N.Y. Lab. Law § 652. As explained above, Defendants testified that they paid Plaintiff a daily rate of $25 in 2013 and 2014, and $30 in 2015 and 2016. The highest possible hourly rate for Plaintiff was therefore $4.50, significantly below the required minimum wage. Therefore, the Court finds that Defendants failed to pay Plaintiff her minimum wages.

**FLSA and NYLL Overtime Requirements**

The FLSA requires employers to pay non-exempt employees at a rate not less than one and one-half times their regular rate of pay for any hours worked over forty within a workweek. 29 U.S.C. § 207(a)(1).[8] To state a plausible FLSA overtime claim, a plaintiff must sufficiently

---

[8] The FLSA provides that, "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

13

allege forty hours of work in a given workweek as well as some uncompensated time more than forty hours. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The NYLL adopts the same overtime pay standard as the FLSA.[9] *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013).

Here, Plaintiff established they were not paid for overtime. As explained above, Plaintiff's work week often exceeded forty hours. The hours Plaintiff worked each week can easily be ascertained through Defendants' own records, and there were only thirteen weeks where Plaintiff did not work overtime. However, when asked whether Defendants ever paid overtime, Defendant Zheng admitted they did not: "Q: Did you ever pay overtime? A: No." Zheng Dep. 30:16-17. Defendants further stated that Plaintiff was paid at a fixed daily rate, not at an hourly rate, and as explained above, Defendants failed to even pay Plaintiff the minimum wage. Therefore, the Court finds that Defendants failed to pay Plaintiff the proper overtime rate.

### IV.  NYLL Wage Notice and Pay Stub Requirements

Finally, Plaintiff alleges that Defendants failed to provide her with pay stubs or a wage notice as required by NYLL §§ 195(1) and 195(3).

#### A. Wage Notice Requirement Under NYLL § 195(1)

NYLL § 195(1) requires employers to provide employees, at the time of their hiring, with a written notice containing various information. The law also mandates employers "obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall

---

[9] Section 142-2.2 of the New York Rules and Regulations states, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*" 12 N.Y.C.R.R. § 142–2.2.

preserve and maintain for six years." N.Y. Lab. Law § 195(1)(a). Here, Plaintiff declared that Defendants never provided her with the required notice when hired. Furthermore, not only did Defendants fail to offer evidence rebutting this assertion, Defendant Zheng testified that they did not know what a wage notice was. Zheng Dep. 75:18-25; 76:2, 12-14. Therefore, the Court finds that Defendants failed to meet NYLL's wage notice requirement.

### B. Pay Stub Requirement NYLL § 195(3)

N.Y. Lab. Law § 195(3) requires employers to provide employees "with a statement with every payment of wages" listing various items. Plaintiff declares that she never received such statements when paid. Plaintiff stated that on each payday she received an envelope noting how many days she worked over two weeks multiplied by her daily rate. ECF No. 53. For example, if Plaintiff worked ten days over the two weeks for $30 a day, the envelope read "10 days x 30." Defendants even testified they provided paystubs for employees other than plaintiff. Zheng Dep. 76:21-25; 77:2-5.

Defendants essentially offer no rebuttal, other than a general assertion that "Even if one defendant failed to provide wage notice to Plaintiff, it does not necessarily mean that all defendants failed to provide wage notice to Plaintiff." ECF No. 56. However, employers have the burden of proving they provided employees with pay stubs and none of the Defendants did so. NYLL § 195. Because Defendants failed to meet their burden of proof, the Court finds that Defendants failed to comply with the pay stub requirement under NYLL.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

**SO ORDERED.**

Dated: March 28, 2019
      New York, New York

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**