USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SHEK MOOI CHONG,** *individually and on behalf of all other employees similarly situated*,

Plaintiff,

-against-

**GOLDEN 88 SPOON INC. ET AL.,**

Defendants.

16-cv-05591 (ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

At the status conference held on December 1, 2021, defense counsel informed the Court of a recent conflict of interest that arose in his representation of Defendants. In letters dated December 8, 2021, and December 16, 2021, defense counsel noted his intent to file a motion to withdraw as counsel. ECF Nos. 100, 102. On December 17, 2021, the Court ordered defense counsel to file his motion to withdraw. Dec. 17, 2021 Minute Entry. Defense counsel filed his motion to withdraw on December 22, 2021. ECF No. 103.

Defense counsel states that the motion was served on the individual defendants "via Wechat chatting software" and makes no mention of service upon the corporate defendants. ECF No. 103 at 3. Local Civil Rule 1.4 requires the application to withdraw "be served upon the client." Local Civ. R. 1.4. Defense counsel represents all defendants, including the corporate defendants (Golden 88 Spoon Inc. and TJ Prime Inc.). No later than **January 11, 2022**, defense counsel shall (1) serve his motion to withdraw upon the corporate defendants at their last known address and file proof of service, and (2) serve the individual defendants by traditional methods of service and file proof of service, or, alternatively, show cause why service by traditional means is impractical and why the Court should find that defense counsel properly served the individual defendants by WeChat.

**SO ORDERED.**

**Dated:   January 7, 2022**
        **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**